919 F.2d 734
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Lee STEELE, Defendant-Appellant.
 No. 90-5316.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1990.
Decided Dec. 7, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CR-89-200-G)
 William Carlton Ingram, Jr., Floyd, Greeson, Allen & Jacobs, Greensboro, N.C., for appellant.
 Richard Stanley Glaser, Jr., Assistant United States Attorney, Greensboro, N.C.,(Argued), for appellee; Robert H. Edmunds, Jr., United States Attorney, Greensboro, N.C., on brief.
 M.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and CHARLES H. HADEN, II, Chief United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Larry Lee Steele appeals the sentence imposed after he pled guilty to conspiring to distribute cocaine and marijuana. He claims that the sentencing judge incorrectly failed to reduce his offense level for his minor role in the conspiracy. Because the sentencing judge could reasonably find that Steele had not shown by a preponderance of the evidence that he was entitled to a reduction for minor participation, we affirm.
 
 
 2
 The Sentencing Guidelines provide a reduction if the defendant played a mitigating role in the offense. The offense level is decreased two levels for minor participation, four levels for minimal participation, and three levels for conduct between minimal and minor participation. U.S.S.G. Sec. 3B1.2. Defendants who are "less culpable than most other participants" are entitled to reduction for minor participation. U.S.S.G. Sec. 3B1.2, comment. (n. 3). In deciding whether to apply the reductions to a defendant, the sentencing judge should compare the individual defendant's culpability with reference to the elements of the offense, as well as his culpability with reference to other defendants. United States v. Daughtry, 874 F.2d 213, 216 (4th Cir.1989). The defendant must prove his minor role by a preponderance of the evidence. United States v. Gordon, 895 F.2d 932, 935 (4th Cir.1990). The factual determination whether the defendant is entitled to a reduction for minor participation is subject to review under the clearly erroneous standard. Daughtry, 874 F.2d at 218.
 
 
 3
 There was evidence from which the sentencing judge could conclude that the defendant was not a minor participant. As the judge pointed out at sentencing, Steele was present during the transactions. The presentence report recites that Steele carried the drugs, conferred with the codefendant, Powell, about the marijuana, and obtained $4,000 that was used along with the $2,000 Powell furnished to purchase 100 pounds of marijuana. Steele did not prove that he played only a minor role by a preponderance of the evidence. See United States v. Urrego-Linares, 879 F.2d 1234, 1238-39 (4th Cir.1989).
 
 
 4
 Steele also contends that the sentencing judge misunderstood his ability to reduce the defendant's sentence for minor participation. He argues that the sentencing judge confused the finding of guilt on aiding and abetting and the defendant's role in the offense for sentencing purposes and thereby denied the reduction because the defendant was guilty of aiding and abetting.
 
 
 5
 The defendant is correct that just because an aider and abettor is as guilty as the principal, a court would err by denying an adjustment solely for this reason if the facts showed that the aider and abettor's role was minor. The district court did not commit this error of law. It understood that Steele could receive a reduced sentence for minor participation but declined to grant the adjustment because the proof did not justify it.
 
 
 6
 AFFIRMED.